

FILED
CHARLOTTE, NC

SEP 2 8 2007

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 03:07CR61-W |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| (4) CHAVIUS MARQUETTE BARBER | ) | |

NOW COMES the United States of America, by and through Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, and the defendant, Chavius Barber, in person and through counsel, Richard Thompson, and respectfully inform the Court that they have reached the following agreement:

### I. Plea

1. The defendant agrees to enter a voluntary plea of guilty to Count One as set forth in the Bill of Indictment, and admits to being in fact guilty as charged in that Count. Specifically, Defendant admits to being a member of the Hidden Valley Kings Street Gang and in furtherance of gang activity and/or the drug conspiracy with which he is charged, did buy and sell crack cocaine for monetary gain.

2. If the Court finds the defendant's plea to be voluntary and knowingly made, and accepts the plea, then the United States will move at the appropriate time to dismiss Counts Twenty-Two, Twenty-Three, Thirty-Four, and Thirty-Eight as to this defendant in the Bill of Indictment.

3. The defendant agrees that the Court may consider any such dismissed counts and all pertinent information as "relevant conduct," *United States Sentencing Guidelines [U.S.S.G.] § 1B1.3*. The Court may also consider any dismissed count as a "conviction" for purposes of 28 U.S.C. §§ 1918 (costs of prosecutions, including fines and forfeitures), 920 (court costs, including fees for interpreters), as well as for purposes of forfeiture and restitution.

## II. Sentence

4. The defendant is aware that the statutory minimum and maximum sentences for each count are as follows:

<u>Count One</u>: a violation of Title 21, United States Code, Section 846. A sentence of not less than ten (10) years nor more than life imprisonment, and/or a $4,000,000 fine, and at least five (5) years supervised release, unless the defendant has previously been convicted of a felony drug offense. **However, since the United States has filed notice one prior felony drug conviction, the statutory penalties are not less than twenty (20) years nor more than life imprisonment, an $8, 000,000 fine, and at least ten (10) years supervised release (21 U.S.C. 841(b)(1)(A)).**

5. The defendant understands that supervised release is a term of supervision that runs consecutively to any sentence of incarceration and that if the Court imposes a term of supervised release, the United States Probation Office will supervise him during that term and will require that he make regular reports and visits to its office. The defendant understands that a violation of the conditions of supervised release may subject him to an additional period of incarceration up to the maximum term of years imposed as supervised release.

6. The defendant is aware that the Court will consider the *United States Sentencing Guidelines [U.S.S.G.]* in determining the appropriate sentence and that the sentence will be without parole. The defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count. The defendant further understands that no recommendations or agreements by the United States are binding upon the Court. Knowing these facts, the defendant understands and acknowledges that the defendant may not withdraw the plea solely as a result of the sentence imposed.

7. With regard to the *United States Sentencing Guidelines*, the defendant and the United States, pursuant to Fed. R. Crim P. 11(c)(1)(B), agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

    a. The amount of mixture and substance containing a detectable amount of cocaine base that was known to or reasonably foreseeable by the defendant was **512 grams**.

    b. <u>Acceptance of Responsibility</u> - Provided that the defendant demonstrates his acceptance of responsibility for his offense, the Government will not oppose a <u>two level reduction</u> in offense level pursuant to U.S.S.G. § 3E1.1(a).

2

c. _Timely Notification of Intent to Plead_ - Provided that the defendant has timely notified the Government of his intention to plead guilty so that it may avoid the expenditure of unnecessary resources, the Government will recommend an additional <u>one level reduction</u> in offense level pursuant to U.S.S.G. § 3E1.1.(b)

d. The United States, however, will not be required to make [this recommendation] [and] [this motion] if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official. Furthermore, the defendant understands that any reduction in offense level is ultimately for the Court's determination.

e. The defendant and the United States agree that the appropriate sentence is one within "the applicable guideline range" (U.S.S.G. § 5C1.1) and that neither party will seek a departure from that range.

f. The defendant understands and acknowledges as previously acknowledged in paragraph 6 above, that the defendant may not withdraw the plea based on the court's decision not to accept sentencing recommendations made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

g. Notwithstanding any recommendations in the Plea Agreement as to the offense level, if the Probation Office determines from the defendant's criminal history that U.S.S.G. § 4B1.1 (Career Offender) applies, that provision may be used in determining the sentence. Should a statutory minimum sentence apply, the Court shall impose a sentence no lower than that statutory minimum.

h. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States reserves the right to make any recommendation as to quantity and quality of punishment.

8. The defendant agrees to pay full restitution, regardless of the resulting loss amount, which restitution will be included in the Court's Order of Judgment. The defendant agrees that such restitution will include all victims directly or indirectly harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 3663 or 3663A. The defendant consents to a civil judgment in state of federal court concerning

3

a claim filed by a "victim" as defined in 18 U.S.C. §§ 3663(a)(2) and 3663A(a)(2). The defendant understands that with a Judgment and Commitment Order that requires the payment of restitution, a lien will be filed on his property. Defendant also understands that his obligation to make restitution shall last for twenty years after the entry of the judgment, release from imprisonment, or until his death. 18 U.S.C. § 3613.

9. The parties agree that the Court shall set the amount of fine and shall consider the Fine Table in U.S.S.G. § 5E1.2 as advisory.

10. If more than $500.00 in restitution, fines, and/or assessment is owed to the United States government, a lien will be filed. The defendant understands that if a lien is filed against his property, his obligation to pay restitution shall last for twenty years after any imprisonment ordered or until his death. 18 U.S.C. § 3613.

11. The parties stipulate that, pursuant to 21 U.S.C. §§ 862 and 862(a), the defendant will be ineligible for all federal benefits for five years after the date of sentencing. If the Court determines that this conviction is the second federal or state offense for distributing controlled substances, the defendant will be ineligible for all federal benefits for ten years after the sentencing. If the Court determines that this conviction is the third or subsequent such offense, the defendant will be permanently ineligible for all federal benefits.

12. The defendant hereby agrees to pay the total amount required for assessment ($100) to the Clerk, United States District Court, before 5:00 p.m. on the date of pleading guilty. The defendant further agrees to participate in the Inmate Financial Responsibility Program to the extent necessary to fulfill all financial obligations due and owing under this agreement and the law.

13. The defendant agrees to reimburse the United States for the cost of court-appointed counsel and agrees that the Court may include such reimbursement in the Order of Judgment.

### III. Procedure

14. The defendant agrees that a duly-qualified federal Magistrate Judge may conduct the hearing required by Fed. R. Crim. P. 11.

15. With the Court's permission, the factual basis, as required by Fed. R. Crim. P. 11(b)(3), will be deferred until the time of sentencing. The defendant stipulates that there is a factual basis for the plea of guilty and that the Court may use the offense conduct set out in the Presentence Report, except any facts to which the defendant has objected, to establish a factual basis for the defendant's plea.

### IV. Waivers

16. The defendant understands and agrees that if he should fail to specifically perform or to fulfill completely each and every one of his obligations under this Plea Agreement, then the

4

United States will be relieved of its obligations under the agreement, but the defendant will not be allowed to withdraw the guilty plea.

17. The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty. The defendant has discussed these rights with defense counsel and knowingly and expressly waives any right to withdraw the plea once the Magistrate Judge has accepted it.

18. The defendant acknowledges that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 are rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these Rules. As a result of this waiver, he understands and agrees that any statements which are made in the course of his guilty plea or in connection with his cooperation pursuant to this plea agreement will be admissible against him for any purpose in any criminal or civil proceeding if his guilty plea is subsequently withdrawn or in any post-conviction proceeding if the defendant challenges the voluntary nature of the guilty plea.

19. The defendant understands and agrees that by pleading guilty, the defendant is expressly waiving the following rights:

      a. to be tried by a jury;
      b. to be assisted by an attorney at trial;
      c. to confront and cross-examine witnesses; and,
      d. not to be compelled to incriminate himself.

20. Defendant and defendant's counsel warrant that they have discussed: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a plea agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability to the defendant of entering into this plea agreement.

**21. Defendant, in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel *or* (2) prosecutorial misconduct.**

22. Also, in exchange for the concessions made by the United States, defendant agrees that the United States preserves all its rights and duties with respect to appeal as set forth in 18 U.S.C. § 3742(b), while the defendant waives all rights to appeal or collaterally attack the sentence of conviction with three the exceptions set for above. This agreement does not limit the United States in its comments in or responses to any post-conviction matters.

23. The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to

the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**V. Forfeiture**

24. The defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Bill of Indictment including, but not limited to, all assets specifically listed in the Bill of Indictment and all assets listed in any separate list or consent order signed by the defendant.

25. If the United States discovers that the defendant has not fully disclosed all assets as required herein, the United States, in its sole discretion, [text obscured] just as if they had been properly disclosed.

26. For purposes of any order of forfeiture herein, the defendant warrants that he has or had a possessory interest or other legal interest in each item or property, except as specifically stated in an exhibit attached hereto. If applicable, defendant consents to the use of the property to pay restitution to the victims listed herein or as found by the Court.

27. By this agreement, the defendant agrees to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, surrender of title, signing a consent order or decree, stipulating facts regarding the basis for forfeiture, and signing any documents necessary to transfer title. Defendant hereby further consents to the immediate entry of an interlocutory order of sale covering any assets which, in the government's sole discretion, are subject to depreciation or which will or may cause storage or similar expenses to be incurred by any federal, state, or local government entity.

28. The defendant stipulates that all funds in accounts at financial institutions, as listed herein or in any document signed by defendant pursuant to this plea agreement, are criminal proceeds. Defendant agrees to direct each such financial institution to turn over all funds and records regarding those accounts and to surrender them to the United States.

29. The defendant agrees to identify all assets that have been acquired either directly or indirectly through the unlawful activities of any co-defendants or co-conspirators. The defendant further agrees to assist the United States in the recovery of all such assets and to prevent the disbursement of any moneys and sale of any property or assets identified, if such disbursements or sales are within the defendant's direct or indirect control. The defendant further agrees not to encumber or transfer any real estate after his signing of this plea agreement.

30. Defendant has surrendered or will surrender the forfeited property under defendant's control to the United States Marshal or other agent of the United States. To the extent that any of

6

this property was not included in a notice of forfeiture, defendant waives all rights under Fed. R. Crim. P. 32.2(a). If any of this property is not otherwise subject to forfeiture, defendant agrees to its forfeiture as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute.

31.     Defendant understands and agrees that the United States may commence an administrative action and/or a separate civil action for forfeiture of this property. For purposes of any such action, defendant waives all claims to the property; stipulates to probable cause for its forfeiture as proceeds of and/or property used to facilitate one or more violations of as charged in the Bill of Indictment; and agrees to its forfeiture to the United States for disposition according to law. If defendant submitted any claim(s) in a related administrative forfeiture proceeding, defendant hereby withdraws all such claims, regardless of whether the subject property is listed in the indictment or other document filed herein, and consents to the entry of an administrative declaration of forfeiture as to all such property. Defendant consents to the assignment of any related civil forfeiture case to the District Judge or Magistrate Judge assigned to any part of this criminal case. Defendant waives further notice in any proceedings necessary to obtain a civil judgment of forfeiture and consents to the Magistrate Judge conducting all proceedings necessary for any civil forfeiture of the property, including entry of judgment, pursuant to 28 U.S.C. §636(c). Defendant waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a).

32.     If and when requested to do so by the government, defendant agrees to ask any nominee holder of the property to execute a form waiving all rights to the property and consenting to forfeiture and/or use of the property for restitution.

7

## VII. Conclusion

33. The defendant understands that if he breaches this Plea Agreement, or violates any federal, state or local law, or any order of any court, including any condition of pre-trial or pre-sentence, or post-sentence release, the United States will be relieved of its obligations under this Plea Agreement, but the defendant will not be allowed to withdraw his guilty plea. The United States will be free to proceed on any properly-filed dismissed, pending, superseding, or additional charges.

34. There are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties.

SO AGREED:

_____  DATED: 9/26/07
Kevin Zolot, Assistant United States Attorney

_____  DATED: 9/26/07
Richard Thompson, Attorney for Defendant

_____  DATED: 9/26/07
Chavius Marquette Barber, Defendant

8