UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv243-3-W
(3:07cr61)

| | |
|---|---|
| **CHAVIUS MARQUETTE BARBER,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATED OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1). For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed.

## I. PROCEDURAL HISTORY

On April 24, 2007, Petitioner was charged in five counts of a fifty-five count Superceding Bill of Indictment. (Crim. Case 3:07cr61, Doc. No. 140: Superseding Bill of Indictment). On September 28, 2007, Petitioner filed a Plea Agreement in which he agreed to plead guilty to conspiracy to possess with intent to distribute cocaine base, cocaine, marijuana, and 3,4-methylenedioxymethamphetamine, a/ka/ ecstasy in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2. (Count One) (Id., Doc. No. 197: Plea Agreement). The Government agreed to dismiss the remaining counts at sentencing. (Id. at ¶ 2).

On October 15, 2007, the Petitioner appeared before Magistrate Judge David Keesler and plead guilty to Count One of the Superseding Bill of Indictment. (Id., Doc. No. 216: Entry and Acceptance of Guilty Plea form). Judge Keesler engaged Petitioner in a lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions. (Id.,

1

Doc. No. 464: Transcript of Plea and Rule 11 Proceeding). During the plea colloquy, Petitioner affirmed under oath that he understood the elements of the offense to which he was pleading guilty and the maximum penalties he faced and that he was, in fact, guilty of the charged drug conspiracy. (Id., at 11, 17). Petitioner also affirmed that he understood how the Sentencing Guidelines might apply to his case, that he might receive a sentence that was either higher or lower than that called for by the Guidelines, and that even if his sentence was more severe than expected, he would nevertheless be bound by his plea and have no right to withdraw it. (Id. at 13-15). Petitioner also affirmed that he was waiving his right to a jury trial and to confront the witnesses against him, that he was waiving his right to appeal and challenge his conviction or sentence in a post-conviction proceeding. (Id. at 17, 24-25). Petitioner affirmed that no one forced him to plead guilty and that he was satisfied with the services of his attorney. (Id. at 25-26). The Court accepted Petitioner's plea finding that the plea was knowingly and voluntarily made and that Petitioner understood the charges, potential penalties and consequences of the plea. (Id. at 29).

Prior to Petitioner's sentencing hearing, the Probation Office submitted a Presentence Report ("PSR"). The Probation Officer calculated a base offense level of 36, based on his determination that Petitioner was responsible for 4.4 kilograms of crack cocaine. (Crim. Case 3:07cr61, Doc. NO. 347: PSR ¶ 22). The Probation Officer included a two-level increase because Petitioner possessed a firearm in conjunction with the instant offense and a three-level reduction for Petitioner's acceptance of responsibility. (Id. ¶¶ 23 and 29). Based on a total offense level of 35 and a criminal history category of IV, the Probation Officer noted an applicable Guidelines range of imprisonment of between 235 and 293 months imprisonment. (Id. ¶ 82). With respect to the statutory range of imprisonment, the Probation Officer found that

because of the Government's Notice pursuant to 21 U.S.C. § 851, the statutory range was twenty years to life. (Id. ¶ 81).

Prior to sentencing, Petitioner filed a letter indicating that he was uncomfortable with his counsel's representation. (Crim. Case 3:07cr61, Doc. No. 465: Sentencing Transcript at 2). During the course of the sentencing hearing, after questioning by the undersigned, Petitioner withdrew his letter. (Id. at 3). The Court concluded that Petitioner made a knowing and voluntary withdrawal of his letter asking for new counsel. (Id.).

Petitioner, through his counsel, filed an objection to the Probation Officer's determination in the PSR that Petitioner was responsible for 4.4 kilograms of crack cocaine because this quantity was inconsistent with the Plea Agreement which contained a stipulation that the foreseeable quantity of cocaine base was 512 grams. At Petitioner's sentencing hearing on December 9, 2008, the Government agreed that Petitioner stipulated, pursuant to the Plea Agreement, to 512 grams and the basis for the increased quantity was only one co-conspirator whose allegation was not corroborated. (Id., at 7-11). The Court granted Petitioner's objection and determined that Petitioner's base offense level was amended from a 36 to a 34 for a total offense level of 33 with a criminal history category of IV with a Guideline sentence range of 188 to 235 months and a mandatory minimum of 240 months. (Id., at 12). The Court sentenced Petitioner to a term of imprisonment of 240 months. (Id., at 23; Doc. No. 390: Judgment).

On January 13, 2009, Petitioner filed a timely Notice of Appeal. (Id., Doc. No. 437: Notice of Appeal). On Appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but raising two issues: (1) whether Petitioner's sentence was reasonable, and (2) whether the court adequately inquired into Petitioner's withdrawal of his request for new counsel. Petitioner was

advised of his right to file a pro se supplemental brief, but did not do so. On July 6, 2010, in an unpublished decision, the Fourth Circuit Court of Appeals concluded that the Court did not err in it's acceptance of the withdrawal of Petitioner's motion to substitute counsel and the sentence imposed was reasonable. In accordance with Anders, the Court reviewed the entire record and found no meritorious issues for appeal. United States v. Barber, 387 F. App's 374 (4th Cir. 2010) (unpublished).

On May 21, 2011, Petitioner filed the instant Motion arguing that his counsel was ineffective, making his guilty plea unknowing and involuntary, by advising him that he could argue the drug amount even though his Plea Agreement included a stipulation as to the drug quantity and because he failed to challenge the validity of his prior conviction included in his § 851 notice. (Doc. No. 1 at 4-5).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Id. Following such review, it plainly appears to the Court that the Petitioner is not entitled to any relief on his claims.

## III. LEGAL DISCUSSION

**Ineffective Assistance of Counsel**

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was

4

prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91, 104 S.Ct. 2052, 2064-66, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689, 104 S.Ct 2052.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639. 2648, 91 L.Ed.2d 197 (1986) (quoting United States v. Frady, 456 U.S. 142, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982)). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d at 1430-31 (4th Cir. 1983)). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697, 104 S.Ct. at 2069).

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

A petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption, and the presumption is not overcome by conclusory allegations. Carpenter v. United States, 720 F.2d 546 (8th Cir. 1983). Indeed, the petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where

5

defendant has pled, he must show that but for counsel's unprofessional errors, he would have gone to trial instead of pleading guilty. Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct 366 (1985). In order to demonstrate an entitlement to relief when the claim involves a sentencing issue, Petitioner must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999).

Petitioner argues that his counsel was ineffective, making his guilty plea unknowing and involuntary, for advising him that he would be permitted to argue the drug amount when the drug amount was stipulated to in the plea agreement. Petitioner also argues that his counsel was ineffective, thus making his guilty plea unknowing and involuntary, for failing to challenge the validity of his prior conviction which was used in his § 841 notice.

Petitioner contends that "although [he] . . . negotiated a complete Rule 11 Plea Colloquy Hearing, [he] had an issue with the amount of drugs that were being attributed to him." (Doc. No. 1-1 at 4). Notably, Petitioner does not state that he articulated his issue with the drug quantity to the magistrate judge. Instead, the record of Petitioner's Plea and Rule 11 Proceedings reflect that Petitioner was made aware of the essential elements of the Plea Agreement including his stipulation to the 512 grams of cocaine base and agreed to the terms. (Crim. Case 3:07cr61, Doc. No. 464: Plea and Rule 11 Transcript at 19, 23-24). Prior to sentencing, Petitioner sent a letter to the Court requesting to have his attorney removed. (Crim. Case 3:07cr61, Doc. No. 465: Sentencing Transcript). Petitioner contends that the basis of his letter asking to have his attorney removed stemmed from the fact that he wanted to be able to contest the drug quantity. At sentencing, the Court discussed the contents of the letter with Petitioner and his counsel. (Id. at 2-3). Counsel represented to the Court that he believed that Petitioner wished to proceed with his guilty plea and be sentenced and that counsel explained to

6

Petitioner that he could allege ineffective assistance of counsel on appeal with respect to counsel's representation of Petitioner. (Id., at 2). The Court inquired whether Petitioner wanted to proceed with his counsel and whether he wanted to "affirmatively withdraw [the] letter" (Id. at 3). Petitioner responded that he did want to withdraw the letter and the Court made a finding that Petitioner "made a knowing and voluntary withdrawal of his letter asking for new counsel." (Id.). Against this background, the Court considers Petitioner's claim that his counsel was ineffective, making his plea involuntary and unknowing, for advising him that he would be permitted to argue the drug amount when the drug amount was stipulated to in the plea agreement.

Pursuant to his Plea Agreement, Petitioner stipulated that the drug quantity that was known to or reasonably foreseeable to him was 512 grams. (Crim. Case 3:07cr61, Doc. No. 197: Plea Agreement ¶ 7a). During his Plea and Rule 11 hearing, the prosecutor stated the essential elements of Petitioner's plea, including Petitioner's stipulation that the amount of cocaine base that was known to him or reasonably foreseeable to him was 512 grams of cocaine base. (Id., Doc. No. 464: Plea and Rule 11 Transcript at 19). In response to the Government's recitation of the essential elements of his Plea Agreement, Petitioner stated that he reviewed the terms of the Plea Agreement with his counsel, he understood the terms and agreed with the terms. (Id. at 23-24).

A review of Plea and Rule 11 Transcript establishes that the statements which Petitioner made to the Court stand in stark conflict with his belated, self-serving allegation that counsel advised him that he could contest the drug amount. Further, Petitioner is bound by the statements he made at the Plea and Rule 11 hearing specifically, that he understood and agreed to the stipulated term that the amount of the cocaine base that was known to him or reasonably

foreseeable by him was 512 grams. These statements cannot be set aside merely on the basis of Petitioner's post-judgment assertions to the contrary. Rather, Petitioner's statements "constitute a formidable barrier" to this post-judgment attack. Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621 (1977); accord United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of §2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing). In sum, the Court finds that Petitioner has failed to satisfy either prong of the Strickland test and, therefore, his claim of ineffective assistance of counsel must fail.[1] [2]

Next, Petitioner contends that his counsel was ineffective, making his plea unknowing and involuntary because he failed to challenge the validity of the prior conviction used to support his § 851 notice. In support of this argument, Petitioner argues that "the issue of a qualifying prior offense is a popular and valid argument in this Court, and should have been challenged by counsel. Especially, given the fact that [he] was never charged with a felony before that charge." (Doc. No. 1-1 at 14). Petitioner argues that he was sentenced long before the Supreme Court

---

[1] In support of this claim, Petitioner also contends that during his sentencing hearing, his attorney resolved the issue regarding Petitioner's letter before the Court requesting that his attorney be removed, by stating that Petitioner could appeal the issue of drug quantity. Petitioner argues that it is "obvious in the [sentencing transcript] that this matter was resolved on pretense alone" because his counsel did not have authority to advise him that he could appeal the drug quantity. (Doc. No. 1-1 at 5). A review of the transcript reveals that counsel did not state that Petitioner could appeal on the issue of drug quantity, but instead he stated that Petitioner could "appeal any issue regarding my representation as he sees fit." (Criminal Case 3:07cr61, Doc. No. 465: Sentencing Transcript at 2). In other words, Petitioner could file an appeal based upon ineffective assistance of counsel, which is consistent with the waiver language in Petitioner's plea agreement.

[2] The Court notes that Petitioner, through his counsel, successfully objected to the increased drug quantity (over the 512 grams) found in the PSR. (Crim. Case 3:07cr61, Doc. No. 465: Sentencing transcript at 12).

8

decided the case of Carachuriro-Rosendo v. Holder, in 2010 but makes no persuasive argument as to the basis his counsel would have had to challenge his conviction underlying his 851 notice other than the issue "is a popular and valid argument in this Court." Such conclusory argument falls far short of the deficiency and prejudice required under Strickland for claims of ineffective assistance of counsel.

To the extent that Petitioner is attempting to challenge the voluntariness of his plea, as a separate claim from his ineffective assistance of counsel claim related to his plea, such claim is procedurally barred as Petitioner did not challenge the voluntariness of his plea on appeal. Generally, claims that could have been, but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604 (1998). It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice. See United States v. Addonizio, 442 U.S. 178, 184-86, 99 S.Ct. 2235 (1979). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[3] See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584 (1982)).

Cause means some impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). In order to establish

---

[3] Petitioner makes no claim of actual innocence.

"actual prejudice" the defendant must show "not merely that the errors at his trial create[d] a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. 167-68 (1982). In this case, Petitioner has not met his burden in establishing cause for failing to raise this claim on direct appeal. Therefore, Petitioner's claim regarding the voluntariness of his plea is procedurally barred.[4]

## IV. CONCLUSION

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on his claims of ineffective assistance of counsel.

## V. ORDER

**IT IS, THEREFORE ORDERED** that:

1. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED and DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not

---

[4] However, even if this claim were not barred, it is belied by the record which establishes that the Court reviewed the elements and corresponding maximum penalties of Count One of the Superseding Indictment with Petitioner. The Court then thoroughly questioned Petitioner regarding his understanding of the rights he was waiving by pleading guilty, including his right to go to trial and all the rights attendant thereto as well as his waiver of appellate rights and collateral review rights. The Court concluded that Petitioner's plea was knowing and voluntarily entered and the district court affirmed this finding. (Crim. Case 3:07cr61, Doc. No. 464: Transcript of Plea and Rule 11 hearing at 8-11, 16-19, 24-25, 29; Doc. No. 465: Sentencing Transcript at 5).

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: May 16, 2011

Frank D. Whitney
United States District Judge