UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00365-FDW
(0:13-cv-02775 (D.S.C.))

| | |
|---|---|
| CHAVIUS MARQUETTE BARBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| KENNY ATKINSON, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Petition for Relief under 28 U.S.C. § 2241 [Doc. 1], the Supplement to Petitioner's *Pro Se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 44], and the Government's Response to the petition. [Doc. 51]. Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

I.  **FACTUAL BACKGROUND**

In October of 2007, Petitioner Chavius Marquette Barber ("Petitioner") pleaded guilty to conspiracy to possess with intent to distribute powder and crack cocaine, marijuana, and ecstasy, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Criminal Case No. 3:07-cr-61 ("CR"), Docs. 2, 197, & 216. Petitioner participated in a drug-trafficking conspiracy as a member of the Hidden Valley Kings street gang in Charlotte, North Carolina. [CR Doc. 347 ¶¶ 8, 13-16]. The United States notified Petitioner, in accordance with 21 U.S.C. § 851, that it intended to seek an enhanced penalty based on Petitioner's prior conviction for felony possession of cocaine in the Superior Court of Mecklenburg County, North Carolina. [CR Doc. 24 at 2].

Prior to sentencing, the probation officer completed a Presentence Report ("PSR"), in

which the probation officer calculated a preliminary Sentencing Guideline range of imprisonment of between 235 and 293 months in prison. This range was based on a total offense level of 35 and a criminal-history category of IV. [CR Doc. 347, ¶ 82]. The probation officer also noted that Petitioner was subject to a statutory mandatory-minimum sentence of 240 months in prison because he had previously been convicted of a felony drug offence. [Id. at ¶ 81]. This Court sentenced Petitioner to 240 months in prison, the term required by 21 U.S.C. § 841(b)(1)(A), based on Petitioner's prior conviction of a felony drug offence. [CR Doc. 390 at 2].

Petitioner appealed, and the Fourth Circuit affirmed this Court's judgment. United States v. Barber, 387 F.App'x 374 (4th Cir. 2010). In May 2011, Petitioner filed a Section 2255 motion to vacate, set aside or correct sentence, which this Court denied. Civil Case No. 3:11-cv-243, Doc. 1, 2. Two years later, Petitioner filed a habeas petition for relief from his 20-year sentence under 28 U.S.C. § 2241 in the District of South Carolina, which was transferred to this Court. [Doc. 1]. The case has been held in abeyance awaiting the decision of the United States Supreme Court in United States v. Wheeler, No. 16-6073. On May 31, 2019, after Wheeler was decided and the stay lifted, and after an extension of time to respond, the Government responded to the petition, agreeing with Petitioner that the Court should grant Petitioner's § 2241 petition, that Petitioner's sentence should be vacated, and that a resentencing hearing should be scheduled. [Doc. 51].

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, and because the Government concedes that Petitioner is entitled to relief, the Court finds that this matter can be resolved without an evidentiary

hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.   DISCUSSION**

Section 2255 is generally the proper means of collaterally attacking the validity of a federal conviction or sentence.  In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).  By contrast, Section 2241 is a means of attacking the way a sentence is executed.  Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000).  The Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), however, that where Section 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of Section 2255 permits a petitioner to seek relief under Section 2241.  In re Jones, 226 F.3d at 333.  While the savings clause can be invoked to permit Section 2241 relief where Section 2255 is inadequate or ineffective, it only applies to permit such relief, when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first Section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law.  Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).  Here, the parties and the Court agree that Petitioner properly seeks relief under Section 2241.

Title 21, section 851 provides for enhanced sentences based on any prior "felony drug offense."  Section 802(44) defines that term as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]."  In Simmons, the Fourth Circuit held that an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1), and is punishable by more than one year in prison, only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United

3

States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005). In Jones and Harp, the Fourth Circuit had held that offense is punishable by more than one year in prison if *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. In Simmons, the Fourth Circuit held that, for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that defendant* could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243.

Here, the Court enhanced Petitioner's sentence based on his prior conviction for felony possession of cocaine. The highest sentence Petitioner could have received for this prior conviction under North Carolina's Structured Sentencing Act was 8 months in prison. Petitioner could not have received a sentence of more than one year. N.C. Gen. Stat. § 15A-1340.17(c) and (d). As such, although Jones and Harp were good law at the time of this Court sentenced Petitioner, Simmons decided that Petitioner's prior conviction was not a "felony drug offense" for purposes of 21 U.S.C. § 841(b)(1) because it was not punishable by more than one year in prison.

The Government also concedes that Petitioner is entitled to relief from his sentence under § 2241 because of the erroneous application of a mandatory minimum. In United States v. Wheeler, the Fourth Circuit held that a defendant (1) whose sentence was affected by application of a mandatory-minimum term of imprisonment that Simmons later held should not have applied and (2) whose motion to vacate would be a second or successive motion to vacate may obtain sentencing relief under § 2241. 886 F.3d 415, 429, 433-34 (4th Cir. 2018). Petitioner was subject to a statutory mandatory minimum of 20 years in prison based on a prior conviction that no longer constitutes a "felony drug offense" and cannot support an enhancement under 21 U.S.C. § 841(b)(1)(A). Without the prior "felony drug offense" conviction, Petitioner would have been

4

subject to a statutory mandatory-minimum term of 10 years in prison for his drug-trafficking conspiracy offense. As such, Petitioner is entitled to sentencing relief under Wheeler.

Because Petitioner is entitled to relief under Section 2241, the Court will grant the Section 2241 petition and vacate Petitioner's conviction under 21 U.S.C. §§ 841, 846. The Court will also, therefore, schedule a resentencing hearing so that Petitioner can be sentenced in accordance with the terms of this Order.

**IV.  CONCLUSION**

For the reasons stated herein, the Court grants Petitioner's Section 2241 petition.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's petition under 28 U.S.C. § 2241 [Doc. 1] is **GRANTED** and Petitioner's conviction is hereby **VACATED**;

(2) The Clerk of Court is respectfully instructed to schedule a hearing for Petitioner's resentencing to be set within 45 days of this Order.

(3) The Clerk of Court will certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

**IT IS SO ORDERED.**

Signed: June 4, 2019

Frank D. Whitney
Chief United States District Judge